

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Gerald C. Mann
Attorney General

Honorable I. Fredecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-3790
Re: Constitutionality of Sec-
tion 1a of House Bill No.
436, Forty-seventh Legis-
lature, providing travel-
ing expenses for commission-
ers in counties of certain
population.

Your letter of July 16, 1941, asks the opinion of
this department upon the constitutionality of Section 1a of
House Bill No. 436, Acts of the Forty-seventh Legislature.

Your letter advises that the population of Galveston
County according to the 1940 census is 81,173.

Section 1a of House Bill 436 reads as follows:

"Section 1a. In any county in this State
containing a population of not less than 38,000
nor more than 85,000 according to the last pre-
ceding federal census, the commissioners' court
is hereby authorized to allow each commissioner
not more than $50 per month, to be paid out of
the road and bridge fund of each repsective com-
missioner's precinct, for traveling expenses and
depreciation on the automobile while used on of-
ficial business only and/or overseeing the construc-
tion and maintenance of the public roads of said
counties. Each such commissioner shall pay all
expenses in the operation of such automobile and
keep same in repair at his own expense, free of any
other charge whatsoever to the county; provided
however that such expenses not to exceed $50 per
month must be itemized, sworn to, and filed for
record with the county clerk."

Section 1a of House Bill 436 is unconstitutional, being a local or special law regulating the affairs of counties in violation of Article III, Section 56, of the Constitution of the State of Texas. In our Opinion No. O-1955, copy of which is enclosed herewith, we held House Bill No. 236, Forty-sixth Legislature, to be a special and local law violative of Article III, Section 56 of the Constitution of Texas. The Act there under consideration was in all essential aspects similar to the provisions contained in Section 1a of the Act presently under consideration. It happened that in that instance the law applied only to a single county; but this factor is not a material consideration. It is not the number of counties which are or may be embraced within the classification attempted to be provided by such a law which determines the question of whether the law is special or local; but, rather, the question is whether, considering the object and purpose of the law, the characteristics made the basis of the classification afford in truth reasonable ground to apply the law to those counties possessing such characteristics and exclude from the application of the law all counties which do not possess them.

On the theory that the greater the population the more onerous the duties of county officers, the Legislature may provide traveling expenses for county officers of counties attaining a certain population or above, while denying same to county officers of counties of lesser population. On the same theory, the Legislature may allow a large amount of traveling expenses to county officers of counties of a certain population or above than is allowed to county officers of counties of lesser population.

But when this theory is adopted as the basis for classification, the Legislature must follow the pattern logically. It cannot, without violating Article III, Section 56, of the Constitution, allow traveling expenses to county officers of counties of a certain population, while denying traveling expenses to the same county officers of counties of greater population. Nor can it constitutionally allow a certain amount of traveling expenses to county officers of counties of a certain population, while at the same time allowing a lesser amount of traveling expenses to the same county officers of counties of a greater population. The failure to follow the logical pattern suggested by the basis selected for classification results in arbitrary designation, rather than classification. Bexar County v. Tynan, 97 S. W.(2d) 467.

An examination of the various laws purporting to provide traveling expenses for county commissioners traveling in the discharge of their official duties, found under Vernon's Revised Civil Statutes, Article 2350m, reveals a legislative failure to pursue logically the pattern suggested by the adoption of population as a basis for classifying counties for this purpose. As a result, arbitrary designation has resulted in allowing commissioners of counties of lesser populations more traveling expenses than is allowed commissioners of counties of greater population, and in a failure in some instances to allow traveling expenses to commissioners of counties of certain populations while allowing such expenses to commissioners of counties of lesser populations.

As respects Section 1a of House Bill 436, Acts of the Forty-seventh Legislature, it will be observed that by that law traveling expenses of $50 per month are allowed commissioners of counties of 38,000 to 85,000 population, while we find no law allowing such traveling expenses to commissioners of counties having a population above 132,000 and below 160,000, and no provisions for traveling expenses to be allowed to commissioners of counties having a population in excess of 200,000. For the reasons above stated, therefore, Section 1a of House Bill 436 is unconstitutional.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) R. W. Fairchild

R. W. Fairchild
Assistant

RWF:ej:zd

APPROVED AUG 18, 1941

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN